IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| In re: | ) | Case No. 09-42348 |
|---|---|---|
| ALTRA NEBRASKA, LLC, | ) ) ) | Chapter 11 |
| Debtor. | ) ) ) ) | |

**ORDER GRANTING DEBTOR'S MOTION UNDER SECTIONS 105(A), AND 363 OF THE BANKRUPTCY CODE TO APPROVE THE ADVERTISEMENT, MARKETING AND SALE OF ALL THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND GRANTING THE APPLICATION TO EMPLOY AND RETAIN MAAS COMPANIES, INC., AS SALES AGENT AND AUCTIONEER FOR DEBTOR AND DEBTOR-IN-POSSESSION**

This matter comes before the Court on Debtor's Motion Under Sections 105(a) and 363 of the Bankruptcy Code to Approve the Advertisement, Marketing and Sale of all the Debtor's Assets Free and Clear of all Liens, Claims and Interests; and Setting a Date for a Sale Hearing; and on Debtor's Application to Employ and Retain Maas Companies, Inc., as Sales Agent and Auctioneer for Debtor and Debtor-in-Possession.

THE COURT, BEING ADVISED IN THE PREMISES, FINDS AS FOLLOWS:

A. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicates for the relief granted herein are 11 U.S.C. §§105 and 345. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

B. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on August 13, 2009 (the "Petition Date"), and has remained in possession of its assets and has continued to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

C.  There has been no trustee or examiner appointed in this case.

D.  Debtor has filed a Motion Under Sections 105(a), and 363 of the Bankruptcy Code to Approve the Advertisement, Marketing and Sale of all the Debtor's Assets Free and Clear of all Liens, Claims and Interests; and Setting a Date for a Sale Hearing (filing no. 17); and an Application to Employ and Retain Maas Companies, Inc., as Sales Agent and Auctioneer for Debtor and Debtor-in-Possession (filing no. 10) (collectively the "Motions").

E.  Due and proper notice of the Motions was given, and objections were filed by Gemma Power Systems, LLC, F.E. Moran, Inc., Beatrice Concrete Company, Inc., Darland Construction Co., Starostka Group Co., Strobel Construction Unlimited, Inc., Delta-T Corporation, and Protech Global, LLC (collectively, the "Objecting Parties"). Following continued hearings, the Objecting Parties came to an agreement with the Debtor and have agreed to withdraw their objections subject to the terms of this Order. All Objecting Parties have consented to the terms of this Order.

F.  Good cause exists to grant the relief requested in the Motions subject to the terms of this Order.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Debtor's Motions are granted to the extent set forth herein. Any objections to Debtor's Motions are deemed withdrawn or hereby overruled.

2. The Debtor is authorized pursuant to 11 U.S.C. §327 (a) as modified by 11 U.S.C. §1107(b) to retain Maas Companies, Inc. ("Maas") as sales agent and auctioneer for substantially all its assets pursuant to the terms set forth in its agreement with Maas originally dated May 28, 2009 and assigned to the Debtor on July 17, 2009, a copy of which is attached hereto as Exhibit "A" and

incorporated herein by this reference (the "Maas Contract"). Debtor is authorized to perform its duties under the Maas Contract pursuant to its terms, including the payment of those fees, costs and expenses as provided for therein.

3. Maas is hereby authorized pursuant to 11 U.S.C. §§ 105(a) and 363 to prepare, market and sell all tangible property of the Debtor, whether personal, real or otherwise (the "Assets"). The sale of Debtor's Assets shall be conducted pursuant to the sale procedures and calendar attached hereto as Exhibit "B" and incorporated herein by this reference (subject to reasonable variances that are necessary to accommodate weather, logistics or other issues that may arise), and the terms of this Order. Pursuant to 11 U.S.C. §363 (f) the Assets sold by Maas pursuant to the procedures contained in Exhibit "B" and this Order whether sold pursuant to a negotiated agreement in whole or by auction in parts shall be sold free and clear of all liens, claims, and interests with all such liens claims and interests attaching to the proceeds of the sale of the Assets to the extent and with the same validity and priority as it held in such property on the Petition Date. Notwithstanding anything to the contrary herein, nothing contained in this Order, the Maas Contract, the sale procedures utilized by Maas, the manner in which the Assets or any portion thereof are sold by Maas shall be deemed to be evidence regarding or have any impact whatsoever with respect to the validity, priority and/or extent of any lien, security interest, mortgage or claim against the Assets, including whether and to what extent any lien, security interest, mortgage or claim against the Assets attached to the Assets or any portion thereof.

4. Any buyer of any of the property sold pursuant to the procedures contained in Exhibit "B" and this Order shall be deemed to be a purchaser in good faith within the meaning of 11 U.S.C. §363(m) and entitled to all the protections of thereof.

5. Notwithstanding anything contained in this Order all parties asserting claims secured by a lien, mortgage or security interest shall be entitled to reasonable access to the Debtor's site and facilities from the date of this Order until October 20, 2009, during normal working hours upon reasonable advance notice to photograph, video graph, record, inspect or otherwise document the physical location, condition makeup and nature of the Assets at the site for purposes of preserving evidence and protecting their interests if any in the Assets to be sold. All parties are directed not to modify, remove, tamper with or otherwise change the character of such Assets until after the sale has been completed. As soon as reasonably practical and as soon as received from Maas, the Debtor shall produce to the Objecting Parties copies of any and all photographs, videos, and digital images of the Assets in the possession of the Debtor or Maas.

6. As provided by the sale procedures, Maas will solicit offers for the purchase of all of Debtor's Assets in their entirety and/or an offer for the purchase of all of Debtor's Assets with the exception of the real property. Debtor immediately shall advise the Objecting Parties of all such offers received by Maas and, upon request of any Objecting Party, shall provide the requesting party with copies of any and all documentation submitted in connection with any such offer. To the extent Debtor receives and, in the exercise of its business judgment desires to accept such an offer, Debtor shall seek approval of the proposed sale in accordance with 11 U.S.C. §363. Debtor shall consult with the Objecting Parties and Fourth Third, LLC with respect to any offers for the purchase of all of Debtor's Assets in their entirety and/or an offer for the purchase of all of Debtor's Assets with the exception of the real property to determine the advisability of accepting any such offers.

7. In addition to the sale procedures set forth in Exhibit "B," to the extent Debtor's Assets are sold at a public auction by pieces or lots, Maas shall implement reasonable procedures so as to allow for the specific tracing of proceeds resulting from the sale of each piece or lot or

component portions thereof. Debtor and Maas shall consult with the Objecting Parties and Fourth Third, LLC with respect to the nature, scope, extent and implementation of such procedures. The procedures developed by Maas shall be reasonably acceptable to Debtor, the Objecting Parties and Fourth Third, LLC.

8. Subject to the establishment of procedures acceptable to the Objecting Parties and Fourth Third, LLC to address potential commingling issues, all proceeds of sale shall be deposited in one or more suitable bank accounts acceptable to the Office of the United States Trustee which accrue interest at a prevailing market rate or in appropriate government backed securities as agreed to by the parties at least 14 days prior to the sale. Maas shall be responsible for accounting for the proceeds of each item sold at the auction. The fact that the proceeds resulting from the sale will be deposited in one bank account or used to acquire appropriate government backed securities shall have no impact or effect with respect to the tracing of such proceeds or otherwise constitute a commingling of funds that would prevent or interfere with the proceeds being traced or attributed to the sale of a particular piece or lot, and whether and to what extent any lien, security interest, mortgage or claim may attach to such proceeds.

9. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED THIS 9th day of September, 2009:

BY THE COURT:

/s/ Thomas L. Saladino
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT BY THE FOLLOWING:

Gemma Power Systems, LLC, Creditor

By: s/ *Andrew L. Swope*_____
    Andrew L. Swope
    K&L Gates, LLP
    17 North Second Street, 18th Floor
    Harrisburg, PA 17101

    And

    Harding & Schultz, P.C., L.L.O.
    Adam Prochaska
    Tim Engler
    Cary C. Kline
    800 Lincoln Square
    121 S. 13th Street
    Lincoln, NE 68508

Beatrice Concrete Company, Inc., Darland Construction Co., Starostka Group Co., Strobel Construction Unlimited, Inc., Creditors

By: s/ *James A. Overcash*_____
    James A. Overcash
    Joseph H. Badami
    Joel D. Heusinger
    Woods & Aitken LLP
    301 South 13th Street, Suite 500
    Lincoln, NE 68508

Delta-T Corporation, and Protech Global, LLC, Creditors

By: s/ *John L. Horan*_____
    John L. Horan
    Cline, Williams, Wright, Johnson
    & Oldfather, L.L.P.
    1900 U.S. Bank Building
    233 South 13th Street
    Lincoln, NE 68508-2095

Fourth Third, LLC

By: s/ *Randy Wright*_____
    Randy Wright
    Jacqueline A. Pueppke
    Baird Holm LLP
    1500 Woodmen Tower
    1700 Farnam St
    Omaha, NE 68102-2068

ALTRA NEBRASKA, LLC, Debtor

By: /s/ *Robert J. Bothe*_____
    Robert J. Bothe, #15018
    James J. Niemeier, #18838
    Robert P. Diederich, #23393
    McGrath North Mullin & Kratz, PC LLO
    Suite 3700, First National Tower
    1601 Dodge Street
    Omaha, Nebraska 68102

F.E. Moran, Inc., Creditor

By: /s/ *James B. Cavanagh*_____
    James B. Cavanagh
    Lieben Whitted Houghton Slowiaczek Cavanagh
    100 Scoular Building
    2027 Dodge Street
    Omaha, Nebraska 68102