UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | Case No. 09-42348 |
| ) | |
| ALTRA NEBRASKA, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |

**EMERGENCY MOTION OF THE DEBTOR, FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(C)(2),
364(C)(3), AND 364(D)(1) AND FED. R. BANKR. P. 2002, 4001 AND 9014:
(A) AUTHORIZING DEBTOR TO CONTINUE POSTPETITION SECURED
FINANCING AND (B) SCHEDULING A FINAL HEARING**

Altra Nebraska, LLC, a Delaware limited liability company, the debtor and debtor in possession in the above case (the "Debtor"), respectfully represents:

## SUMMARY OF RELIEF REQUESTED

1. By this motion (the "Motion"), the Debtor requests entry of interim (the "Interim Order") and final orders, pursuant to sections 105(a), 361, 362, and 364 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtor in its capacity as a borrower (the "Borrower") to continue the debtor in possession financing and cash collateral arrangement pursuant to the terms and conditions of that certain DIP Loan Agreement approved by the terms of the Final Order entered herein on September 11, 2009 (Filing No. 110) as modified herein (the "DIP Financing Agreement") with Fourth Third, LLC, a Delaware limited liability company ("Fourth Third") through January 15, 2010; (b) scheduling a final hearing on the Motion (the "Final Hearing") to consider entry of a final order approving the Motion; and (c) granting

related relief. The terms of the DIP Facility remains the same as set forth in the DIP Agreement[1] attached to the Final Order as Exhibit "A" provided, however that the expiration and termination provisions therein shall be extended from November 15, 2009 through and including January 15, 2010, and the Approved Budget attached thereto shall be superseded and replaced with the extended budget attached hereto as Exhibit "A" and incorporated herein by this reference (the "Extended Budget").

## STATUS OF CASE AND JURISDICTION

2. On August 13, 2009 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 361, 362, and 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014.

## THE DEBTOR'S HISTORY AND PREPETITION SECURED CREDITORS

4. Following the Petition Date the Debtor obtained debtor in possession financing to preserve its assets pending the completion of the sale of substantially all of its assets by an auction to be held on or about October 28, 2009 (the "Auction Sale") as authorized by this Court's Order Granting Debtor's Motion Under Sections 105(A), and 363 of the Bankruptcy Code to Approve the Advertisement, Marketing and Sale of all the Debtor's Assets Free and Clear of all Liens, Claims

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the DIP Agreement.

and Interests; and Granting the Application to Employ and Retain Maas Companies, Inc., as Sales Agent and Auctioneer for Debtor and Debtor-in-Possession (Filing No. 107) (the "Sale Order").

5. The Auction Sale occurred October 28, 2009, and the Debtor has received in excess of $6.8 million in sale proceeds which are currently being held in a segregated account as authorized under the Sale Order.

6. Fourth Third, various lien claimants (the "Lien Claimants") and the Thayer County Treasurer (the "Tax Lien Claimant") have asserted liens and security interests in the assets which by the Sale Order have been transferred to, and attach to these proceeds of the sale.

7. Pursuant to the terms of sale at the Auction Sale, the Debtor will retain possession of the site and the property sold until the earlier of the transfer of possession of the property to the purchaser or December 31, 2009. The auction purchasers have been granted until December 31, 2009 to remove their purchases, much of which are heavy industrial equipment. As such the Debtor remains responsible for security, insurance and utilities at the site through December 31, 2009.

8. The Debtor has prepared the Extended Budget to break down the actual expenditures to date under the Final Order compared with the amount approved to be spent for these tasks through November 15, 2009, under the "Approved Budget" as that terms is defined in the Final Order. This comparison shows the Debtor has expended only $356,333,31 of the $520,524.00 approved under the Final Order as of its current expiration date, leaving a surplus under the original Approved Budget of $164,190.69. The Debtor, however, will need to continue to expend a portion of this surplus until possession of the site and assets sold at Auction Sale are effectively transferred to the purchasers no later than December 31, 2009.

9. By this Motion the Debtor seeks authority to continue to use up to $156,351.00 of the budgeted surplus as of November 15, 2009 pursuant to the terms of the Final Order as modified

herein, to maintain the assets and site until possession is transferred no later than December 31, 2009. The items budgeted are those to pay the security, utilities, and limited management and professional fees needed until the site can be vacated by the Debtor.

10. The Debtor relies upon the same authorities for the extension of the financing requested herein as in its original Emergency Motion (Filing No. 15) and they are incorporated herein by this reference.

## APPLICABLE AUTHORITY

11. Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to obtain credit pursuant to section 364 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

12. The Debtor requests that the Court hold and conduct an interim hearing as soon as the Court's docket allows to consider entry of an Interim and Final Order authorizing the Debtor from and after the entry of the Interim and Final Financing Order to continue to borrow under the DIP Facility an additional amount of up to $156,351.00 to pay the expenses set forth in the Extended Budget, and extending the termination dates under the DIP Facility as approved by the Final Order from November 15, 2009 until January 15, 2009. This relief will enable the Debtor to maintain and preserve its assets until such time as the assets sold at the Auction Sale are no longer the Debtor's responsibility and are effectively transferred to their respective purchasers. This will allow the Debtor to preserve and maximize its assets' value and, therefore, avoid immediate and irreparable harm and prejudice to its estate and all parties in interest.

## NOTICE

13. Notice of this motion has been given to (a) the United States Trustee for the District of Nebraska; (b) the twenty (20) largest unsecured creditors; (c) counsel for Fourth Third and (d) the Lien Claimants and their counsel if known, (e) the Tax Lien Claimant, and (f) all interested parties who receive notice via the CM/ECF system in this case. The Debtor requests the Court finds such notice adequate under the circumstances.

WHEREFORE, the Debtor respectfully requests immediate entry of the Interim and Final Order, in the form annexed hereto, granting the Debtor the relief requested herein; and granting such other and further relief as is just.

**DATED:** November 13, 2009.

Respectfully submitted,

**ALTRA NEBRASKA, LLC,**
Debtor

By: /s/ *Robert P. Diederich*
    Robert J. Bothe, #15018
    James J. Niemeier, #18838
    Robert P. Diederich, #23393
    McGrath North Mullin & Kratz, PC LLO
    Suite 3700, First National Tower
    1601 Dodge Street
    Omaha, Nebraska 68102-1627
    Telephone: 402-341-3070
    Facsimile: (402) 341-0216

**ATTORNEYS FOR DEBTOR**

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all parties registered to receive such filings. I also hereby certify that copies of the foregoing were served via United States mail, first-class postage prepaid, to the following:

Aqua Plumbing & Heating
1025 W. 10th Street
Crete, NE 68333

Interstates Engineering, Inc.
538 12th Street
Sioux Center, IA 51250

Koch-Glitsch, LP
4111 East 37th Street North
Wichita, KS 67220

Stephens & Smith Construction Co., Inc.
1542 South 1st Street
Lincoln, NE 68502

Thayer County Treasurer
Lance J. Johnson, Esq.
Germer, Murray and Johnson
P.O. Box 210
Bruning, NE 68322

Air Resource Specialists, Inc.
1901 Sharp Point Drive, Suite E
Fort Collins, CO 80525

Black Hills Energy
PO Box 4660
Carol Stream, IL 60197-4649

Gibson Dunn & Crutcher LLC
333 South Grand Avenue
Los Angeles, CA 90071

Advanced Consulting Engineering Services
1037 F Road
West Point, NE 68788

IDC Architects
2020 SW 4th Avenue, Third Floor
Portland, OR 97201

Harrington Properties, Inc.
1300 Michigan Street
Gary, IN 46402

DCR Construction, Inc.
4101 Holden Road
Lakeland, FL 33811

Terracon Consultants, Inc.
16662 Millikan Avenue
Irvine, CA 92606

Koley Jessen P.C.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079

Pryor Cashman LLP
410 Park Avenue
New York, NY 10022

Puritan Manufacturing, Inc.
1302 Grace Street
Omaha, NE 68110

Stetson Building Products, Inc.
510 SW 9th Street
Des Moines, IA 50309

Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204


*/s/ Robert P. Diederich*